923 F.2d 849
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Pernell Uan GORDON, Defendant-Appellant.
 No. 90-5643.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 26, 1990.
Decided Jan. 18, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Chief District Judge. (CR-89-385-A)
 Louis A. Kleiman, Kleiman & Kavrukov, Arlington, Va., for appellant.
 Henry E. Hudson, United States Attorney, Gordon D. Kromberg, Special Assistant United States Attorney, Alexandria, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before MURNAGHAN, CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Pernell Gordon appeals the judgment of the district court following his conviction by a jury of possessing with the intent to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. Secs. 841(a)(1) and 841(b)(1)(A)(ii). Gordon raises two issues in support of his argument that the district court erred in denying his motion to suppress the cocaine which formed the basis of his conviction. His first argument is that his encounter with DEA agents at National Airport in Arlington, Virginia, was not consensual and that the officers lacked a reasonable, articulable suspicion to justify the stop. Second, Gordon argues that his arrest was not supported by probable cause. We affirm the district court.
 
 I.
 
 2
 A DEA agent and his partner, a local officer assigned to the DEA mass transportation task force, became suspicious of Gordon when he arrived at National Airport on a flight from New York City. Approximately four hours earlier, the officers had seen Gordon depart from National going to New York. They followed him in the terminal building and observed him go to a telephone and hold the receiver to his ear while he looked back in their direction. The district court properly found on contradictory testimony that he did not put any coins in the phone or try to dial a number. After replacing the receiver, Gordon walked toward the exit doors with the agents following.
 
 
 3
 One agent asked if he could speak to Gordon, and Gordon consented. The agents were dressed casually and neither had his weapon drawn. The officers identified themselves as police officers and questioned Gordon about his identity and his actions at the airport. Gordon denied having just arrived from New York, made inconsistent statements to the officers regarding why he was at the airport, and his voice was shaky and his hands and left leg were trembling. The officers noticed a bulge in Gordon's right front pants' pocket.
 
 
 4
 The district court properly found that Gordon consented to a search of a travel bag he was carrying and to a pat-down search of his person. While one officer was searching the travel bag, the other officer asked to look into Gordon's pocket, to which the district court properly found Gordon consented. As the officer began to look into Gordon's pocket, Gordon attempted to flee the area and was subdued and handcuffed. The bulge in the pocket turned out to be crack cocaine.
 
 II.
 
 5
 Gordon contends that the fourth amendment required that the officers have a reasonable, articulable suspicion that he had committed or was about to commit a crime in order for the encounter to be valid. See Terry v. Ohio, 392 U.S. 1 (1968). There is no merit to this argument.
 
 
 6
 The Supreme Court has made it clear that when the circumstances are such that a reasonable person would feel free to walk away from the officers, the fourth amendment is not implicated and no objective justification for the encounter is required. See Florida v. Royer, 460 U.S. 491 (1983); United States v. Mendenhall, 446 U.S. 544 (1980). See also United States v. Alpert, 816 F.2d 958, 960 (4th Cir.1987). Here, the district court found that the officers approached Gordon, asked him questions, and obtained his voluntary consent to search his travel bag, all in circumstances in which a reasonable person would have felt free to walk away. See United States v. Lehmann, 798 F.2d 692 (4th Cir.1986). This finding that there was no seizure is not clearly erroneous. See United States v. Wilson, 895 F.2d 168 (4th Cir.1990).
 
 III.
 
 7
 Gordon also argues that his arrest was not supported by probable cause and that the subsequent search and seizure of the cocaine was tainted, requiring that the cocaine be suppressed. This argument too has no merit.
 
 
 8
 When the officers arrested Gordon, they had ample evidence before them to support a finding of probable cause. Gordon had been to and from a source city for narcotics on the same day. He gave false and inconsistent answers to the agents' questions. He acted suspiciously in the terminal by his actions at the phone booth, his voice was shaking, and his hands and left leg were trembling. There was a noticeable bulge in Gordon's pocket. Finally, Gordon attempted to flee when the officers were about to look into his pocket. These facts are sufficient to establish probable cause for Gordon's arrest.
 
 
 9
 After the arrest was effected, a search of Gordon's person incident to that arrest was proper. Rawlings v. Kentucky, 448 U.S. 98, 111 (1980); Sibron v. New York, 392 U.S. 40, 67 (1968). At this point, whether Gordon consented to the search of his pocket is irrelevant. Therefore, the search of Gordon's pocket which revealed the cocaine was valid under the fourth amendment and the denial of the motion to suppress was proper.
 
 
 10
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 11
 AFFIRMED.